**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARVIN WAYNE TINNIN, | ) |
|     Petitioner, | ) ) ) |
| v. | ) )    Case No. 17-CV-0419-GKF-FHM |
| ROBERT DENTON,[1] | ) ) ) |
|     Respondent. | ) |

## OPINION AND ORDER

Before the Court is petitioner Marvin Wayne Tinnin's 28 U.S.C. § 2254 petition for writ of habeas corpus. Petitioner, a state inmate appearing *pro se*,[2] seeks federal habeas relief from the judgments entered against him in the District Court of Delaware County, Case Nos. CF-2013-347B and CF-2013-374B. Having considered the petition (Dkt. 1), respondent's response (Dkt. 6) in opposition to the petition, relevant portions of the state court record[3] and petitioner's reply (Dkt. 7), the Court finds and concludes that petitioner is not entitled to federal habeas relief. The Court therefore denies his petition for writ of habeas corpus.

---

[1] Petitioner is incarcerated at the James Crabtree Correctional Center (JCCC) in Helena, Oklahoma. Dkt. 8, at 2. Pursuant to Fed. R. Civ. P. 25(d), the Court therefore substitutes Robert Denton, the JCCC's acting warden, in place of Jason Bryant as party respondent. The Clerk of Court shall note this substitution on the record.

[2] Because petitioner appears *pro se*, the Court liberally construes his pleadings. *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009).

[3] Respondent submitted copies of the judgment and sentence from each of petitioner's cases (Dkts. 6-1, 6-2), petitioner's application for postconviction relief (Dkt. 6-3), the state district court's order denying postconviction relief (Dkt. 6-4), petitioner's brief in support of his postconviction appeal (Dkt. 6-5) and the Oklahoma Court of Criminal Appeals' order affirming the denial of postconviction relief (Dkt. 6-6). On January 13, 2020, petitioner submitted a notice (Dkt. 8) regarding 2019 amendments to Oklahoma laws. On review of these materials and the parties' briefing, the Court agrees with respondent that no evidentiary hearing is warranted in this matter. Dkt. 6, at 3.

*BACKGROUND*

In January 2014, while represented by counsel, petitioner pleaded guilty to several crimes, including various drug offenses, in the District Court of Delaware County, Case Nos. CF-2013-347B and CF-2013-374B. Dkt. 1, at 1; Dkt. 6, at 1-2.[4]  Pursuant to a plea agreement, the trial court ordered petitioner to participate in the Delaware County Drug Court Program, beginning January 22, 2014, and deferred sentencing pending successful completion of the program. Dkt. 6-3, at 9; Dkt. 6-4, at 1; Dkt. 6-6, at 1. The State of Oklahoma filed a motion on March 23, 2016, alleging petitioner violated terms of the drug court plea agreement, seeking petitioner's removal from the program and requesting a hearing for imposition of the sentences agreed upon in the plea agreement. Dkt. 6-3, at 9-13. Following a hearing on March 30, 2016, the trial court granted the State's motion, terminated petitioner's participation in the drug court program, and sentenced petitioner in accordance with the plea agreement. Dkt. 6-4, at 1. At the hearing, the trial court advised petitioner of his right to appeal, but petitioner did not move to withdraw his pleas or otherwise appeal his convictions or sentences. *Id.*

Petitioner filed an application for postconviction relief in Delaware County District Court on January 12, 2017, asserting three propositions of error. Dkt. 6-3, at 1.[5] The first proposition challenged the trial court's decision to terminate his participation in the drug court program and the second and third propositions sought modification of his sentences based on post-sentencing changes in the law and petitioner's post-sentencing rehabilitation efforts. *Id.* at 2-7. The state district court denied petitioner's application on February 15, 2017, concluding petitioner waived

---

[4] For consistency, the Court uses the CM/ECF pagination for all record citations.

[5] According to respondent, petitioner filed a separate but identical application in each of his two Delaware County cases. Dkt. 6, at 3 n.3.

the first proposition by failing to file a direct appeal and further concluding that all three propositions were "without merit." Dkt. 6-4, at 1-3.

Petitioner timely filed a postconviction appeal in the Oklahoma Court of Criminal Appeals (OCCA), asserting four arguments. He argued that the state district court (1) should have liberally construed his application for postconviction relief as a request for a recommendation to file an appeal out of time, (2) erred in concluding that petitioner could not raise his three propositions of error through an application for postconviction relief, (3) erred "in its determination of the facts relating to how long Petitioner's treatment program and supervision period lasted," and (4) abused its discretion in failing to consider modification of petitioner's sentence "based on change[s] in Oklahoma law and evidence of post-sentencing rehabilitation." Dkt. 6-5, at 3. In an order filed June 20, 2017, in Case No. PC-2017-214, the OCCA rejected each argument and affirmed the denial of petitioner's application for postconviction relief. Dkt. 6-6.

Petitioner filed the instant federal habeas petition on July 17, 2017, raising roughly the same three claims he presented in his application for postconviction relief. Dkt. 1, at 1-5. Respondent urges this Court to deny the petition because petitioner procedurally defaulted all three claims in state court and has not made the necessary showings to obtain federal habeas review of the procedurally defaulted claims. Dkt. 6.

## *DISCUSSION*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits a federal court's authority to grant federal habeas relief to a prisoner in custody pursuant to a state-court judgment in three significant ways. First, a federal court may grant habeas relief "only on the ground that [the prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[I]t is

only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."). Second, a federal court may grant habeas relief only if the prisoner has either (1) exhausted available state-court remedies, 28 U.S.C. § 2254(b)(1)(A), or (2) demonstrated that there is a complete absence of available state remedies or an absence of effective state remedies, *id.* § 2254(b)(1)(B). Third, when a state court has adjudicated a federal claim on the merits, a federal court may grant habeas relief only if the prisoner first shows that the state court's decision either (1) "was contrary to . . . clearly established Federal law," 28 U.S.C. § 2254(d)(1), (2) "involved an unreasonable application of clearly established Federal law," *id.*, or (3) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

In addition, the procedural default doctrine imposes a fourth limitation: when a state court denies relief on a federal claim "based on an adequate and independent procedural rule" a federal court may grant habeas relief only if the prisoner demonstrates either cause for the procedural default and resulting prejudice or that failure to review the claim will result in a fundamental miscarriage of justice. *Davila v. Davis*, 137 S. Ct. 2058, 2064-65 (2017); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A state procedural rule "is independent if it is separate and distinct from federal law" and "is adequate if it is 'strictly or regularly followed' and applied 'evenhandedly to all similar claims.'" *Duvall v. Reynolds*, 139 F.3d 768, 796-97 (10th Cir. 1998) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 263 (1982)).

Here, respondent concedes that petitioner filed his federal habeas petition within the applicable one-year statute of limitations and that petitioner exhausted available state remedies as to all three claims asserted in the petition. Dkt. 6, at 3. But respondent contends the procedural

4

default doctrine bars petitioner's request for federal habeas relief because the OCCA found all three claims were procedurally barred under state law. Dkt. 6, at 4-14.

I.      **Ground one: termination from drug court program**

Petitioner's ground one claim reasserts his challenge to the trial court's decision to terminate his participation in the drug court program. He frames his claim as follows:

> The District Court of Delaware County finding and the Oklahoma Court of Criminal Appeals (OCCA) affirming "[T]hat the Petitioner's treatment program pursuant to 22 O.S. § 471(G) was from the 22nd day of January 2014 until the 22nd day of January 2016 and the supervision program could have lasted from 22nd day of January 2016 until the 22nd day of January 2017" was based on an unreasonable factual determination and led the District Court of Delaware County [to] erroneously conclude[] it had authority to terminate Petitioner from Drug Court Program.

Dkt. 1, at 2-3. To support this claim, petitioner contends that his four-phase treatment program was to last 52 weeks, to be followed by a supervisory period of six months to one year. *Id.* at 3. Thus, under his reading of state law, the projected completion date for his drug court program was July 22, 2015. *Id.* Petitioner therefore contends that the State's motion to revoke his participation in the drug court program, filed in March 2016, was untimely and the trial court therefore lacked "jurisdiction" to grant the motion. *Id.*; Dkt. 7, at 1.

Petitioner first presented his ground one claim in state district court through his application for postconviction relief. Dkt. 1, at 3; Dkt. 6-3. There, he asserted that the trial court violated his due process rights, under "Art[icle] II § 7 of the Oklahoma Constitution and the Fifth and Fourteenth Amendments to the United States Constitution," by terminating his participation in the

5

drug court program. Dkt. 6-3, at 2.[6]  Based on his understanding of state law, petitioner argued that the trial court lacked authority to terminate his participation in the program because petitioner would have completed his program in January 2016, "roughly two months prior to the last alleged violation" of the plea agreement in March 2016. *Id.*  The state district court determined petitioner waived his first proposition of error by failing to file a direct appeal. Dkt. 6-4, at 1-3.  Applying state law, the court alternatively rejected the proposition on the merits, finding that petitioner's active treatment program could have lasted until January 22, 2016, and the post-treatment supervision program could have lasted until January 22, 2017. *Id.* at 2-3.  The state district court further found that the State's motion to revoke petitioner's participation in the drug court program was timely filed. *Id.* at 3.

On appeal, the OCCA did not address the merits of petitioner's first proposition of error. Applying state law, the OCCA agreed with the state district court that petitioner waived any challenges to the termination of his participation in the drug court program when he failed to file a timely direct appeal. Dkt. 6-6, at 2 (citing *Jones v. State*, 704 P.2d 1138, 1139-40 (Okla. Crim. App. 1985), and Okla. Stat. tit. 22, § 1086).  The OCCA further concluded that the state district court did not err in failing to construe his application as a request to appeal out of time because the

---

[6] In his application for postconviction relief, petitioner primarily cited state law to support his challenge to the state district court's order terminating his participation in the drug court program.  Dkt. 6-3, at 2-3.  But he also asserted the termination deprived him of his Fifth Amendment and Fourteenth Amendment due process rights because, in his view, the state district court lacked "jurisdiction" to rule on the State's revocation motion. *Id.* at 3.  In his petition, petitioner appears to argue that the state courts failed to correctly apply state law to the facts of his case. Dkt. 1, at 2-3.  To the extent petitioner's ground one claim alleges only an error of state law, he fails to state a cognizable habeas claim. *Corcoran*, 562 U.S. at 5.  However, because petitioner appears pro se and because his ground one claim is clearly barred by the procedural default doctrine, the Court will liberally construe his ground one claim as reasserting an alleged violation of his federal due process rights.

application "contained no allegations or circumstances revealing that [petitioner] was deprived of his opportunity to perfect a direct appeal through no fault of his own." Dkt. 6-6, at 2.

The Court agrees with respondent that petitioner procedurally defaulted his ground one claim. As respondent argues, the OCCA's waiver rule is an independent and adequate state procedural rule and the OCCA consistently applies that rule to deny postconviction relief as to claims that could have been, but were not, raised on direct appeal. *See Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008) ("[T]his court has found Oklahoma's bar of claims not raised on direct appeal to be independent and adequate.").

The Court further agrees with respondent that petitioner cannot overcome the procedural default of his ground one claim. When a state prisoner procedurally defaults his federal habeas claim in state court, a federal court will not review that claim unless the petitioner "can show 'cause' to excuse his failure to comply with the state procedural rule and 'actual prejudice resulting from the alleged constitutional violation.'" *Davila*, 137 S. Ct. at 2064-65 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). To demonstrate cause, a petitioner must "show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "A factor is external to the defense if it 'cannot fairly be attributed to' the prisoner." *Davila*, 137 S. Ct. at 2065 (quoting *Coleman*, 501 U.S. at 753). If a petitioner fails to demonstrate "cause," a court need not consider whether he can establish the requisite prejudice. *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995).

Absent a showing of cause and prejudice, a petitioner who has defaulted his federal claims in state court must show that habeas review is necessary to correct a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. But the miscarriage-of-justice exception applies only "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one

7

who is actually innocent." *Carrier*, 477 U.S. at 496. To support a credible claim of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). And, ordinarily, this "requires [the] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. Tenable actual-innocence claims are "rare." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). And they are rarer still when the petitioner stands convicted on guilty pleas. *See, e.g.*, *Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) (unpublished)[7] (reasoning that habeas petitioner's guilty plea, which the state court found was voluntary, undermined the actual-innocence claim he asserted to overcome a procedural bar to federal habeas review); *Goosby v. Trammell*, 515 F. App'x 776, 777 (10th Cir. 2013) (unpublished) (rejecting habeas petitioner's actual innocence claim in light of his guilty plea and his failure to address other evidence contributing to his plea).

Notably, respondent discussed in his response the showings a petitioner must make to obtain federal habeas review of procedurally defaulted claims. Dkt. 6, at 4-9, 12-14. Nonetheless, petitioner's reply does not mention, "cause and prejudice," or the miscarriage-of-justice exception. Dkt. 7. Instead, petitioner appears to offer three assertions to overcome the procedural default of his ground one claim. None demonstrates the requisite cause or remotely supports a credible claim of actual innocence.

First, petitioner contends that because his claim asserts "that the state court did not have jurisdiction of the application for termination from drug court because it was not timely filed," the

---

[7] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. 32.1(A).

"state court [could not] procedurally bar [his] jurisdictional question." Dkt. 7, at 1. As petitioner notes, the OCCA has previously held that "issues of subject matter jurisdiction are never waived and can therefore be raised on collateral appeal." *Wackerly v. State*, 237 P.3d 795, 797 (Okla. Crim. App. 2010) (quoting *Wallace v. State*, 935 P.2d 366, 372 (Okla. Crim. App. 1997)). Though not entirely clear, petitioner's claim that the trial court lacked "jurisdiction" appears to challenge the trial court's statutory authority to issue a ruling on the State's motion to revoke his participation in the drug court program, not the trial court's subject-matter jurisdiction over his criminal prosecution. Regardless, contrary to petitioner's assertion, even a claim asserting a due-process violation based on the trial court's alleged lack of subject-matter jurisdiction can be barred from federal habeas review on procedural grounds. *See, e.g.*, *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (unpublished) (quoting *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008), for the proposition that the "[a]bsence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause," but reasoning that "[a]s with any other habeas claim," a claim attacking the absence of subject-matter jurisdiction may be dismissed as procedurally barred).[8]

Second, petitioner asserts that "the Post-Conviction Procedure Act (22 § 1080 et seq.) is the proper method to appeal a termination from drug court." Dkt. 7, at 1. Assuming this is petitioner's attempt to explain why he did not file a direct appeal, the OCCA held to the contrary when it affirmed the state district court's ruling that petitioner could have and should have raised his first proposition of error on direct appeal. Dkt. 6-6, at 2. And Oklahoma law clearly provides

---

[8] To the extent petitioner's argument could be construed as asserting that the OCCA erred in applying its waiver rule to his "jurisdictional" claim, that alleged error would not support an independent federal habeas claim. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (noting that even if the OCCA "mistakenly construed" state law "relating to post-conviction review" that mistake constituted an error "of state law not cognizable in habeas corpus").

for a direct appeal from the termination of a criminal defendant's participation in a drug court program. *See Hager v. State*, 990 P.2d 894, 898 (Okla. Crim. App. 1999) (holding that a criminal defendant has the right to a direct appeal from a decision to revoke or terminate participation in a Drug Court program and must do so by following the OCCA's procedures for an appeal of a deferred judgment and sentence); Rule 1.2(D)(6), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2020) (establishing procedures for appeal following termination from drug court).

Third, and finally, petitioner asserts that he "is a layperson, without legal knowledge or training." Dkt. 7, at 1. But this assertion also falls short of establishing cause to overcome the procedural default of his ground one claim. *See Klein*, 45 F.3d at 1400 (finding habeas petitioner's assertions that he was not a lawyer and was unaware of the law were "insufficient as a matter of law to constitute 'cause'").

Based on the foregoing, the Court denies the petition as to petitioner's ground one claim.

## II.     Grounds two and three:  refusal to modify petitioner's sentences

Petitioner's two remaining habeas claims appear to challenge the state district court's refusal to modify one of more of his sentences based on a post-sentencing change in Oklahoma law that reduced the punishment for "simple" drug possession (ground two) and his "institutional records and other post-sentencing rehabilitative developments" (ground three). Dkt. 1, at 4-6. Petitioner describes his ground two claim as follows:

> A change in public policy and law adopted by the People of the State of Oklahoma that reduces both the severity and punishment for Petitioner's crime while Petitioner is on a deferred sentence (participating in Drug Court) should be applied to Petitioner as guaranteed by the 9th Amendment, 8th Amendment, [and] 14th Amendment to the United States Constitution.

Dkt. 1, at 4. In support of this claim, he argues that "State Question 780 was adopted by the People of Oklahoma on November 8, 2016, making simple possession crimes, such as [his] drug crimes,

misdemeanors punishable by only one year in the county jail." *Id.* Citing this change in public policy, he asserts "[i]t would be seemingly unfair for [him] to serve 10 or more years in state prison in 2016 for a crime that in 2017 would carry no more than 1 year in a county jail."[9] Dkt. 1, at 4.

Petitioner's ground three claim asserts: "Rehabilitative efforts occurring subsequent to Petitioner's conviction can bear on the question of future dangerousness and is appropriate for state collateral review." Dkt. 1, at 5. In support of this claim, petitioner contends his "institutional records and other post-sentencing rehabilitative developments" constitute "new evidence" that the state district court should have considered in granting his postconviction request for a modified sentence. *Id.* at 5-6.

Petitioner raised both of these claims in his application for postconviction relief,[10] and the state court rejected each claim on the merits. Dkt. 6-4, at 3. But the OCCA declined to address petitioner's arguments regarding the state district court's merits analysis. Instead, the OCCA affirmed the denial of postconviction relief on the alternative ground that "neither proposition presented the District Court with a viable post-conviction claim." Dkt. 6-6, at 4. The OCCA found that petitioner's requests for a sentencing modification based on a new law passed after he was convicted and sentenced and based on "new evidence" of his post-sentencing rehabilitation efforts relied on events occurring subsequent to his conviction and sentence and concluded that he presented "claims falling outside the scope of the Post-Conviction Procedure Act." *Id.* at 3-5. In

---

[9] Though not entirely clear, petitioner appears to be referring to his conviction on Count I in Case No. CF-2013-347B, for possession of methamphetamine and the corresponding 10-year sentence. Dkt. 6, at 1-2.

[10] As respondent notes, petitioner's ground two claim differs slightly from the second proposition of error he presented in his application for postconviction relief. Dkt. 6, at 10 n.9. In state court, petitioner also sought modification of his sentence based on Oklahoma's 1997 Truth in Sentencing Act. *Id.*; Dkt. 6-3, at 3-6. The Court agrees with respondent that petitioner has abandoned that particular argument by not reasserting it in his habeas petition. Dkt. 6, at 10 n.9.

11

reaching this conclusion, the OCCA cited *Mahler v. State*, 783 P.2d 973, 974 (Okla. Crim. App. 1989), for the proposition that Oklahoma's "Post-Conviction Procedure Act applies only to challenges to the original conviction and imposition of sentence." Dkt. 6-6, at 4. Applying *Mahler* and Okla. Stat. tit. 22, § 1080, the OCCA reasoned that "a subsequent shift in public policy" does not "present [a] 'challenge[] to the original conviction and imposition of sentence' as identified in *Mahler*" because it has "nothing to do with the validity of the convictions and sentences at the time they were entered." Dkt. 6-6, at 4-5. The OCCA therefore concluded that the state district court did not err in denying relief as to propositions two and three. *Id.* at 5.

Respondent contends petitioner procedurally defaulted the claims he asserts in grounds two and three of his petition because the OCCA rejected these claims based on the independent and adequate procedural ground that petitioner failed to state cognizable postconviction claims. Dkt. 6, at 11-12. But the Court finds it unnecessary to determine whether petitioner procedurally defaulted these claims because neither claim is cognizable on federal habeas review.

As the Court understands his claims, petitioner asserts in ground two that the state district court erroneously declined to modify his sentence, on collateral review, based on a change in state law that reduced the maximum punishment for "simple" drug possession. Dkt. 1, at 4. And he appears to allege that this error violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. *Id.* Petitioner asserts in ground three that the state district court erroneously declined to modify his sentence, on collateral review, based on "new evidence" regarding petitioner's post-sentencing rehabilitation efforts. *Id.* at 5-6. As to this claim, petitioner cites federal law, but he does not clearly frame this as a constitutional error. *Id.*

Regardless of whether these alleged errors are of constitutional magnitude, the alleged errors "do[] not impugn Petitioner's conviction or the legality of his confinement," and instead

12

"attack[] a proceeding collateral to his detention." *Richie v. Sirmons*, 563 F. Supp. 2d 1250, 1298-99 (N.D. Okla. 2008). As a result, petitioner fails to state a cognizable habeas claim in either ground two or ground three of the habeas petition. *See id.* at 1299 ("The habeas writ provides a basis for challenging the legality of a prisoner's confinement, which rests upon his initial conviction."); *see also Sellers*, 135 F.3d at 1339 ("[B]ecause the constitutional error [the habeas petitioner] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim.").

Likewise, to the extent petitioner's claims are more reasonably understood as attacking the OCCA's determination that his ground two and ground three claims did not present cognizable claims under the Oklahoma Post-Conviction Procedure Act, he alleges only an error of state law that is not cognizable on habeas review. Whether a particular claim may be raised under state law governing postconviction proceedings is a question of state law and this Court is bound by the OCCA's ruling on that question. *See Corcoran*, 562 U.S. at 5 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991))).

Because petitioner's ground two and ground three claims fail to assert cognizable habeas claims, the Court denies the petition as to grounds two and three.

## *CONCLUSION*

After careful consideration of the record and the parties' arguments, the Court concludes that petitioner procedurally defaulted his ground one claim and fails to make the requisite showings to overcome the procedural default of that claim. The Court further concludes that petitioner fails to state cognizable federal habeas claims in grounds two and three of his petition. The Court therefore denies the petition for a writ of habeas corpus.

### Certificate of Appealability

As a final matter, Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court dismisses a habeas petition on procedural grounds, without addressing the merits of any constitutional claims, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). On the record presented, the Court finds that reasonable jurists would not debate either point. The Court therefore declines to issue a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note the substitution of Robert Denton, Acting Warden, in place of Jason Bryant as party respondent.

2. The petition for writ of habeas corpus (Dkt. 1) is **denied**.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter

**DATED** this 9th day of September 2020.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE